AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND
G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) |
| _This document relates to_ | ) ) |
| ROBYN ANDERSON and KATHLEEN BEHAN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| PFIZER, INC., PHARMACIA CORPORATION, MONSANTO COMPANY, and G.D. SEARLE, LLC, | ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

MDL Docket No. 1699

CASE NO. 3:07-cv-5590-CRB

**PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE, LLC'S ANSWER TO COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

*(left margin)* Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3    ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D.

4    Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs'

5    Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

Defendants may seek leave to amend this Answer when discovery reveals the specific time

periods in which Plaintiffs were prescribed and used Bextra®.

**II.**

**ANSWER**

**Response to Allegations Regarding Parties**

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

accordance with their approval by the FDA.  Defendants admit that, during certain periods of

time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

providers who are by law authorized to prescribe drugs in accordance with their approval by the

FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 6, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Searle is a Delaware limited liability company with its principal

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

7.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the States of Michigan, Wisconsin, and California, and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that they do business in the State of California.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

12.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. And Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

15.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

16.    Plaintiffs' Complaint omits Paragraph 16.

17.    Plaintiffs' Complaint omits Paragraph 17.

18.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and effective when used in accordance with its FDA-approved prescribing information.

2   Defendants state that the potential effects of Bextra® were and are adequately described in its

3   FDA-approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law.   Defendants deny the remaining allegations in this

5   paragraph of the Complaint.

6   19.    The allegations in this paragraph of the Complaint are not directed toward Defendants

7   and, therefore, no response is required.   To the extent a response is deemed required,

8   Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

9   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

10  form a belief as to the truth of such allegations and, therefore, deny the same.

11  20.    The allegations in this paragraph of the Complaint are not directed toward Defendants

12  and, therefore, no response is required.   To the extent a response is deemed required,

13  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

14  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

15  form a belief as to the truth of such allegations and, therefore, deny the same.

16  21.    The allegations in this paragraph of the Complaint are not directed toward Defendants

17  and, therefore, no response is required.   To the extent a response is deemed required,

18  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

19  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

20  form a belief as to the truth of such allegations and, therefore, deny the same.

21  22.    The allegations in this paragraph of the Complaint are not directed toward Defendants

22  and, therefore, no response is required.   To the extent a response is deemed required,

23  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

24  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

25  form a belief as to the truth of such allegations and, therefore, deny the same.

26  23.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

27  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

28  of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

24.     Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.     Plaintiffs do not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    this paragraph of the Complaint.

2    27.      Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

3   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

4   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

5   arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining

6   allegations in this paragraph of the Complaint.

7    28.      Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

8   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny

10   the remaining allegations in this paragraph of the Complaint.

11    29.      Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

12   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

13   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

14   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

15   prescribing information. Defendants state that the potential effects of Bextra® were and are

16   adequately described in its FDA-approved prescribing information, which at all times was

17   adequate and comported with applicable standards of care and law. Defendants deny the

18   remaining allegations in this paragraph of the Complaint.

19    30.      Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information. Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which at all times was adequate and comported with applicable standards of care and law.

23   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

24   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

25   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

26   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

27   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

28   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

36.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.     Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

42. Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

43. Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

44. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

45. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

46. The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

48. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

2  allegations in this paragraph of the Complaint.

3  49.    Defendants state that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Bextra® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8  the Complaint.

9  50.    Defendants deny the allegations in this paragraph of the Complaint.

10  51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Bextra® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants are without knowledge or information

21  sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used

22  Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

23  allegations in this paragraph of the Complaint.

24  52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

26  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

28  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

3   effective when used in accordance with its FDA-approved prescribing information.  Defendants

4   state that the potential effects of Bextra® were and are adequately described in its FDA-

5   approved prescribing information, which was at all times adequate and comported with

6   applicable standards of care and law.  Defendants deny the remaining allegations in this

7   paragraph of the Complaint.

8   53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

10  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

11  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

12  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

13  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Bextra® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants admit, as indicated in the package insert

19  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

20  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

21  dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  54.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which at all times was adequate and comported with applicable standards of care and law.

26  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

27  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

28  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

2  55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

4  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

9  effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Bextra® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  56.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which at all times was adequate and comported with applicable standards of care and law.

18  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  57.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  58.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants deny the allegations in this paragraph of the Complaint.

60.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

2    Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

3    caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

4    Complaint.

5    68.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants are without knowledge or information sufficient to form a belief as to the truth of

10   the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

11   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

12   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

13   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

14   that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the

15   remaining allegations in this paragraph of the Complaint.

16                **Response to First Cause of Action: Negligence**

17   69.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

18   Complaint as if fully set forth herein.

19   70.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is deemed required.    To the extent a response is deemed required,

21   Defendants admit that they had duties as are imposed by law but deny having breached such

22   duties.  Defendants state that the potential effects of Bextra® were and are adequately described

23   in its FDA-approved prescribing information, which was at all times adequate and comported

24   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   deny the remaining allegations in this paragraph of the Complaint.

27   71.    Defendants state that this paragraph of the Complaint contains legal contentions to

28   which no response is deemed required.    To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants admit that they had duties as are imposed by law but deny having breached such

2    duties. Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information. Defendants deny the remaining allegations in

4    this paragraph of the Complaint.

5    72.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is required. To the extent that a response is deemed required, Defendants

7    admit that they had duties as are imposed by law but deny having breached such duties.

8    Defendants state that Bextra® was and is safe and effective when used in accordance with its

9    FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

10   were and are adequately described in its FDA-approved prescribing information, which was at

11   all times adequate and comported with applicable standards of care and law. Defendants deny

12   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

13   including all subparts.

14   73.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information. Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants are without knowledge or information sufficient to form a belief as to the truth of

19   the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   74.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information. Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   75.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

2    that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

3    paragraph of the Complaint.

4    76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

7    damage and deny the remaining allegations in this paragraph of the Complaint.

8    78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10                 **Response to Second Cause of Action: Strict Liability**

11   79.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12   Complaint as if fully set forth herein.

13   80.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15   same.  Defendants admit that Bextra® was expected to reach consumers without substantial

16   change in the condition from the time of sale.  Defendants state that Bextra® was and is safe

17   and effective when used in accordance with its FDA-approved prescribing information.

18   Defendants state that the potential effects of Bextra® were and are adequately described in its

19   FDA-approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants admit that, during certain periods of time,

21   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

22   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

23   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

24   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

25   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

26   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27   deny the remaining allegations in this paragraph of the Complaint.

28   81.    Defendants state that Bextra® was and is safe and effective when used in accordance

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny the allegations in this paragraph of the Complaint.

5    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

10   allegations in this paragraph of the Complaint.

11   83.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is deemed required.   To the extent a response is deemed required,

13   Defendants state that Bextra® was and is safe and effective when used in accordance with its

14   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

15   were and are adequately described in its FDA-approved prescribing information, which was at

16   all times adequate and comported with applicable standards of care and law.  Defendants deny

17   that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

18   of the Complaint, including all subparts.

19   84.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is deemed required.   To the extent a response is deemed required,

21   Defendants state that Bextra® was and is safe and effective when used in accordance with its

22   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23   were and are adequately described in its FDA-approved prescribing information, which was at

24   all times adequate and comported with applicable standards of care and law.  Defendants deny

25   any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

26   allegations in this paragraph of the Complaint.

27   85.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Third Cause of Action: Breach of Express Warranty**

2    95.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    96.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

6    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants admit that they provided FDA-approved prescribing information regarding

11   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12   97.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

14   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants admit that they provided FDA-approved prescribing information regarding

19   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint,

20   including all subparts.

21   98.    Defendants deny the allegations in this paragraph of the Complaint.

22   99.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants admit that they provided FDA-approved prescribing information regarding

27   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28   100.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

105.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants admit that they provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

2   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

3   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

4   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

5   prescribing information.  Defendants deny the remaining allegations in this paragraph of the

6   Complaint.

7   108.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

9   same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

10   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

11   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

12   the remaining allegations in this paragraph of the Complaint.

13   109.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

17   this paragraph of the Complaint.

18   110.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

20   same.  Defendants state that Bextra® was expected to reach consumers without substantial

21   change in the condition from the time of sale.  Defendants deny the remaining allegations in

22   this paragraph of the Complaint.

23   111.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

25   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

27   deny the remaining allegations in this paragraph of the Complaint.

28   112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

1   damage, and deny the remaining allegations in this paragraph of the Complaint.

2   113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

3   damage, and deny the remaining allegations in this paragraph of the Complaint.

4   114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6       **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

7   115.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8   Complaint as if fully set forth herein.

9   116.    Defendants state that this paragraph of the Complaint contains legal contentions to

10  which no response is deemed required.    To the extent a response is deemed required,

11  Defendants admit that they had duties as are imposed by law but deny having breached such

12  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  117.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint, including all subparts.

23  118.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

119.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

ANSWER TO COMPLAINT – 3: 07-cv-5590-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### **Response to Prayer for Relief**

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### **III.**

### **GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### **IV.**

### **AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the

occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-second Defense

2    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

3    Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

4    and Plaintiffs' causes of action are preempted.

5    ### Twenty-third Defense

6    23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

7    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

8    issue under applicable federal laws, regulations, and rules.

9    ### Twenty-fourth Defense

10    24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

11    action concerning matters regulated by the Food and Drug Administration under applicable

12    federal laws, regulations, and rules.

13    ### Twenty-fifth Defense

14    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

15    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

16    of Comment j to Section 402A of the Restatement (Second) of Torts.

17    ### Twenty-sixth Defense

18    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

19    because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

20    Restatement (Second) of Torts § 402A, Comment k.

21    ### Twenty-seventh Defense

22    27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

23    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

24    to § 6 of the Restatement (Third) of Torts: Products Liability.

25    ### Twenty-eighth Defense

26    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

27    Products Liability.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-ninth Defense**

29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitutions of the States of Michigan, Wisconsin, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

2      37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

3   labeling with respect to the subject pharmaceutical products were not false or misleading and,

4   therefore, constitute protected commercial speech under the applicable provisions of the United

5   States Constitution.

6

**Thirty-eighth Defense**

7      38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

8   caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9   law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10   protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11   Amendment of the United States Constitution, the Commerce Clause of the United States

12   Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

13   Constitutions of the States of Michigan, Wisconsin, and California.  Any law, statute, or other

14   authority purporting to permit the recovery of punitive damages in this case is unconstitutional,

15   facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally

16   sufficient standards to guide and restrain the jury's discretion in determining whether to award

17   punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide

18   adequate advance notice as to what conduct will result in punitive damages; (3)  permits

19   recovery of punitive damages based on out-of-state conduct, conduct that complied with

20   applicable law, or conduct that was not directed, or did not proximately cause harm, to

21   Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

22   and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of

23   compensatory damages, if any; (5) permits jury consideration of net worth or other financial

24   information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

25   by the trial court in post-verdict review of any punitive damages awards; (7) lacks

26   constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

27   otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

28   *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

2    (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

4    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

5    and marketing of Bextra®, if any, used in this case, included adequate warnings and

6    instructions with respect to the product's use in the package insert and other literature, and

7    conformed to the generally recognized, reasonably available, and reliable state of the

8    knowledge at the time the product was marketed.

### Fortieth Defense

10    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12    the time of the sale.

### Forty-first Defense

14    41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

15    information and belief, such injuries and losses were caused by the actions of persons not

16    having real or apparent authority to take said actions on behalf of Defendants and over whom

17    Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21    intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

23    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

24    waiver, and/or estoppel.

### Forty-fourth Defense

26    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

27    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   independent of or far removed from Defendants' conduct.

2           **Forty-fifth Defense**

3   45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4   did not proximately cause injuries or damages to Plaintiffs.

5           **Forty-sixth Defense**

6   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

7   did not incur any ascertainable loss as a result of Defendants' conduct.

8           **Forty-seventh Defense**

9   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10   manufacturing, labeling, packaging, and any advertising of the product complied with the

11   applicable codes, standards and regulations established, adopted, promulgated or approved by

12   any applicable regulatory body, including but not limited to the United States, any state, and

13   any agency thereof.

14           **Forty-eighth Defense**

15   48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the

16   product labeling contained the information that Plaintiffs contend should have been provided.

17           **Forty-ninth Defense**

18   49.    The claims asserted in the Complaint are barred because the utility of Bextra®

19   outweighed its risks.

20           **Fiftieth Defense**

21   50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

22   collateral sources.

23           **Fifty-first Defense**

24   51.    Defendants' liability, if any, can only be determined after the percentages of

25   responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

26   any, are determined.  Defendants seek an adjudication of the percentage of fault of the

27   claimants and each and every other person whose fault could have contributed to the alleged

28   injuries and damages, if any, of Plaintiffs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL 600.2946(5).

**Fifty-ninth Defense**

59.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

**Sixtieth Defense**

60.    To the extent Plaintiffs prove that the products in question caused or contributed to any injury they may have suffered, which is denied by these Defendants, these Defendants should not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

**Sixty-first Defense**

61.    Defendants assert all of the protections and defenses afforded them, and Plaintiffs' claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL 600.2957 and MCL 600.2959.

**Sixty-second Defense**

62.    The product alleged to have caused damages may not have been used in the manner and for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the

1    alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

2    to MCL 600.2947.

3    **Sixty-third Defense**

4    63.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

5    percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

6    parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

7    must be reduced in total or part pursuant to 600.2946(a).

8    **Sixty-fourth Defense**

9    64.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question

10    was provided to a sophisticated user. In this case, the "user" would include any prescribing

11    physician.

12    **Sixty-fifth Defense**

13    65.    Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their

14    alleged damages, injuries, and monetary losses.

15    **Sixty-sixth Defense**

16    66.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

17    may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those

18    within Plaintiffs' control or with full knowledge of Plaintiffs.

19    **Sixty-seventh Defense**

20    67.    Any claims for punitive damages are barred in that they are not allowable under

21    Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

22    violate Defendants' constitutional rights under the following clauses of the United States

23    Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

24    Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

25    and Equal Protection.

26    **Sixty-eighth Defense**

27    68.    Defendants reserve the right to supplement their assertion of defenses as they continue

28    with their factual investigation of Plaintiffs' claims.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## V.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendants be awarded their costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    December 20, 2007                          GORDON & REES LLP

2

3                                              By:_____/s/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA 94111
                                                   Telephone: (415) 986-5900
7                                                  Fax: (415) 986-8054

8
     December 20, 2007                          TUCKER ELLIS & WEST LLP
9

10

11                                             By:_____/s/_____

12                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
13                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071-2223
14                                                 Telephone: (213) 430-3400
                                                   Fax: (213) 430-3409
15
                                                   Attorneys for Defendants
16                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
17                                                 LLC

18

19

20

21

22

23

24

25

26

27

28

-43-

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

December 20, 2007                              GORDON & REES LLP


By: _____ /s/ _____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054


December 20, 2007                              TUCKER ELLIS & WEST LLP


By: _____ /s/ _____

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, AND G.D. SEARLE
LLC